JOHNSON, Judge.
This is an appeal from a final judgment, and amendments thereto, finding plaintiffs-appellees to be the owners in fee simple of certain real property located in Escambia County.
We do not deem it necessary to set out in detail herein the entire, rather intricate, factual situation surrounding the present case. Suffice it to say that appellees purchased from Williams a certain parcel of property in August of 1958 and received a warranty deed showing Lico, Inc. as grantee. Said deed was recorded the following day. Lico, Inc. was the name of a corporation which appellees had contemplated forming, but the Articles of Incorporation, *214 though allegedly prepared, were never filed with the Office of the Secretary of State.
In 1967, appellant Rodgers was interested in buying the property and checked into the ownership thereof. The tax records showed Lico, Inc. to be the owner. Rodgers then learned from a status report from the Secretary of State that Lico, Inc. was incorporated on July 2, 1959 and dissolved in 1964 and further learned who the incorpo-rators of said corporation were. Said Li-co, Inc. was an entirely different corporation than the corporation which appellees had contemplated forming. Rodgers contacted one of the stockholders or trustees of said dissolved corporation who sold him the subject property in 1967.
The present suit was instituted by appel-lees seeking rescission and cancellation of certain instruments pertaining to the 1967 sale of the subject property by the dissolved corporation, Lico, Inc., to the appellants, and demanded that appellants be declared to have no right, title or interest to such property. After various orders which are not applicable to the instant appeal, and after appellees obtained a corrective deed showing them in their individual capacities to be the grantees, the trial court’s final judgment, as • amended, concluded that appellees were never a valid de facto corporation at any time; that the 1958 warranty deed from Williams to Lico, Inc. was a conveyance to a nonexisting entity and was void; that appellants had notice of the 1958 conveyance and the records from the Secretary of State showing the 1959 incorporation of Lico, Inc. and they could not thus claim to be good faith purchasers without notice; that the records contained such evidence as would lead a reasonable person to make inquiry outside the records for information that would have shown that the dissolved Lico, Inc. had no interest in the property; that though appellees were negligent in placing on record a conveyance to a nonexisting entity as grantee, the appellants were careless in not making an inquiry as to the true owners and could not claim title by estoppel against appellees; and that appel-lees were the owners in fee simple of the subject property. Each of the parties was ordered to bear his own costs.
We are of the opinion that the trial court effectively and correctly disposed of the issues involved in this case. Appellants’ primary point on appeal is that the trial court erred with regard to the issue of estoppel. It is our opinion that the evidence, as shown by the entire record, fully supports the trial court’s conclusion that appellants, having notice of the 1958 recording of the deed as well as actual knowledge of the 1959 incorporation of a Lico, Inc., could not claim to be purchasers in good faith. Other facts brought out in the record concerning the actions of appellant Rodgers and his “grantor” with regard to the “sale” of the subject property to appellants further support the trial court’s ruling as to the bona fides of appellants’ “purchase” of the subject property.
It is elementary law that estoppel, being an affirmative defense, must be proven with certainty and nothing can be supplied by intendment. It is our conclusion that appellants have failed in their burden of proof and that reversible error has not been demonstrated herein.
Accordingly, the judgment appealed is affirmed.
CARROLL, DONALD K„ Acting C. J, and RAWLS, J., concur.